IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RAFAEL LÓPEZ-SANTOS,
and ERASMO DOMENA-RÍOS,

    **Plaintiffs,**

        **v.**

METROPOLITAN SECURITY
SERVICES, INC. d/b/a WALDEN
SECURITY,

    **Defendant.**

**Civil No.** 16-2071(FAB)

## OPINION AND ORDER

BESOSA, District Judge.

    Before the Court are defendant Metropolitan Security Services, Inc. d/b/a Walden Security ("Walden")'s and plaintiffs Rafael López-Santos ("López") and Erasmo Domena-Ríos ("Domena") (collectively, "plaintiffs")'s cross-motions for summary judgment filed pursuant to Federal Rule of Civil Procedure 56 ("Rule 56"). (Docket Nos. 36 & 41.) For the reasons set forth below, the Court **GRANTS** Walden's motion for summary judgment (Docket No. 36.) Accordingly, plaintiffs' motion for summary judgment (Docket No. 41) is rendered moot.

## I.   Background

    The following facts are deemed admitted by both parties pursuant to Local Rule 56. Loc. Rule 56(e); <u>P.R. Am. Ins. Co. v.</u>

Rivera-Vázquez, 603 F.3d 125, 130-31 (1st Cir. 2010).[1]    In

September 2015, the United States Marshals Service ("USMS")

awarded Walden a contract to provide security services for the

federal courthouses in the District of Puerto Rico.  (Docket

No. 37, Ex. 1 at pp. 2-3.)  The contract, drafted by the USMS,

requires Walden to furnish the courthouses with non-commercial,

armed security guard services in the form of Court Security

Officers ("CSOs").  Id. at p. 2; Docket No. 37, Ex. 2 at p. 2.

The contract establishes the minimum qualifications for CSO

candidates.  (Docket No. 37, Ex. 2 at pp. 16-17.)  According to

the contract,

> each individual designated to perform as a CSO [shall]
> ha[ve] successfully completed or graduated from a
> certified Federal, state, county, local or military law
> enforcement training academy or program that provided
> instruction on the use of police powers in an armed

---

[1] Local Rule 56 governs the factual assertions made by both parties in the context of summary judgment.  Loc. Rule 56; Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 7 (1st Cir. 2007).  The Rule "relieve[s] the district court of any responsibility to ferret through the record to discern whether any material fact is genuinely in dispute."  CMI Capital Market Inv. v. González-Toro, 520 F.3d 58, 62 (1st Cir. 2008).  The movant must submit factual assertions in "a separate, short, and concise statement of material facts, set forth in numbered paragraphs."  Loc. Rule 56(b).  The nonmovant must "admit, deny, or qualify the facts supporting the motion for summary judgment by reference to each numbered paragraph of the moving party's statement of facts."  Loc. Rule 56(c).  The movant may reply and admit, deny, or qualify the opponent's newly-stated facts in a separate statement and by reference to each numbered paragraph.  Loc. Rule 56(d).  Facts which are properly supported "shall be deemed admitted unless properly controverted."  Loc. Rule 56(e); P.R. Am. Ins. Co., 603 F.3d 125, 130 (1st Cir. 2010).  Here, the parties agree that "there is no genuine dispute as to any material fact" in this case.  See Fed. R. Civ. P. 56(a); Docket No. 39, Ex. 1 at p. 1 ("Plaintiff agrees with all of the facts presented by the defendant."); Docket No. 47 at pp. 1-2.  Because there are no material facts in dispute, the Court evaluates López's and Domena's claims "as a matter of law" to determine the availability of remedies for López and Domena pursuant to Law 80.  See Fed. R. Civ. P. 56(a).

capacity while dealing with the public. The certificate shall be recognized by a Federal, state, county, local or military authority, and provide evidence that an individual is eligible for employment as a law enforcement officer. In cases where a CSO applicant did not receive a certificate, the Contractor shall provide a signed statement from a supervisory official of the department or agency indicating an applicant was employed as a law enforcement officer and that no certificate or diploma was issued. The statement shall include all dates of employment the individual served in a law enforcement capacity. The Contractor shall also include a copy of the signed statement with the CSO application.

Id. at p. 16.

In October 2015, Walden hosted town hall meetings for the CSOs of the predecessor contractor, Akal Security, Inc. ("Akal"), to provide Akal's CSOs with "the opportunity to meet Walden's team, learn about the company, its benefits, [and] training, and complete employment applications." (Docket No. 37, Ex. 1 at p. 3.) López and Domena worked as CSOs for Akal. (Docket No. 39, Ex. 2 at pp. 14-15, 17.) Walden offered employment to all of Akal's CSOs, including López and Domena, provided that each candidate met the contract's qualification requirements. (Docket No. 37, Ex. 1 at p. 3.)

Though López and Domena submitted employment applications to serve as CSOs for Walden, neither López nor Domena had "completed or graduated from a certified Federal, state, county, local or military law enforcement training academy or program that provided

instruction on the use of police powers in an armed capacity while

dealing with the public," as required by the contract. (Docket

No. 37, Ex. 1 at p. 4; see Docket No. 37, Ex. 2 at p. 16.)[2]

Consequently, the Vice President of Walden's Federal Services

Division notified López and Domena that they were ineligible for

Walden's CSO positions because they failed to satisfy the

certificate requirement. (Docket No. 37, Ex. 1 at p. 4.)[3] López

---

[2] López and Domena had worked as CSOs for the District of Puerto Rico for over thirty-two (32) years, from 1983 to 2015. (Docket No. 39, Ex. 2 at pp. 14-15, 17.) They "were part of the original group of thirteen (13) employees" hired as CSOs in Puerto Rico, and they maintained their positions over the course of numerous changes in contractors, despite their lack of certificates. (Docket No. 39, Ex. 2 at pp. 6-7, 19-20, 36-37, 57-67.) Indeed, López and Domena worked for a total of six (6) contractors during the thirty-two (32) year period, and no contractor before Walden had challenged the sufficiency López's or Domena's qualifications due to their lack of certificates. (Docket No. 39, Ex. 2 at pp. 6-7, 10, 19-20.)

[3] The contract allows CSO candidates without certificates to waive the certificate requirement with a signed statement from the USMS indicating that the "applicant was employed as a law enforcement officer and that no certificate or diploma was issued." (Docket No. 37, Ex. 2 at p. 16.) The USMS waiver, however, is only available upon the contractor's request. Id. Throughout López and Domena's thirty-two (32) years as CSOs, "both plaintiffs attended numerous trainings" related to their CSO duties and received many commendations and special assignments as a result of their "exemplary performance, experience and dedication on duty." (Docket No. 39, Ex. 1 at pp. 2-3; Docket No. 39, Ex. 2 at p. 86; see Docket No. 39, Ex. 2 at pp. 72-84, 88-89.) After Walden's Federal Services Division notified López and Domena of their ineligibility for the failure to satisfy the certificate requirement, Walden's site supervisor, former Chief Judge Aida M. Delgado-Colón, and Judge Carmen Consuelo Cerezo urged the USMS to waive the certificate requirement for López and Domena because of their long history of excellent service. (Docket No. 39, Ex. 2 at pp. 97-99; Docket No. 48, Ex. 1 at pp. 3-4, 6-8, 15-16.) In accord with the contract, the USMS responded that only "Walden may ask the USMS" for a waiver of the requirement. (Docket No. 39, Ex. 2 at p. 101.) The USMS explained that "CSOs are employees of the vendor, not the USMS, so please keep in mind that the USMS will not reach out to the vendor to waive any requirements." Id. Notwithstanding López's and Domena's impeccable records and the unwavering support for their candidacy, the USMS declined to take action to help retain these experienced CSOs and Walden refused to request waivers from the USMS. (Docket No. 39, Ex. 2 at pp. 131-32.)

and Domena were later informed that their services would no longer be required as of December 1, 2015. (Docket No. 37, Exs. 6 & 7; Docket No. 39, Ex. 2 at p. 26.)[4]

In June 2016, López and Domena commenced this action seeking "statutory separation pay" pursuant to Puerto Rico Law 80 ("Law 80"). (Docket No. 1 at p. 1; see P.R. Laws Ann. tit. 29, § 185.) In November 2017, Walden moved for summary judgment to dismiss López and Domena's claims. (Docket No. 36.) Two weeks later, López and Domena opposed Walden's motion and filed a cross-motion for summary judgement. (Docket No. 41.)

## II.  Jurisdiction

The Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1) because the dispute is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a).

## III. Discussion

### A.   Standard of Review

A court will grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled

---

[4] Walden's failure to request waivers for López and Domena despite their outstanding records creates an appearance of impropriety and being unfair. Walden's actions suggest that Walden was interested in replacing the two highly experienced CSOs with new recruits at lower salaries. Cf. Docket No. 41 at p. 3 ("Walden, rather, was intent on substituting these two long-term employees with new recruits, whose salaries, presumably, would be lower that [sic] those paid to the plaintiffs.").

to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party. A fact is material if it has the potential of determining the outcome of the litigation." Dunn v. Trs. of Bos. Univ., 761 F.3d 63, 68 (1st Cir. 2014) (internal citation omitted).

The role of summary judgment is to "pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." Tobin v. Fed. Exp. Corp., 775 F.3d 448, 450 (1st Cir. 2014) (internal citation omitted). The party moving for summary judgment has the initial burden of "demonstrat[ing] the absence of a genuine issue of material fact" with definite and competent evidence. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994). The movant must identify "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any'" which support its motion. Celotex, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)).

Once a properly supported motion has been presented, the burden shifts to the nonmovant "to demonstrate that a trier of fact reasonably could find in [its] favor." Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000)

(internal citation omitted). "When the nonmovant bears the burden of proof on a particular issue, [he or] she [or it] can thwart summary judgment only by identifying competent evidence in the record sufficient to create a jury question." Tobin, 775 F.3d at 450-51. A court draws all reasonable inferences from the record in the light most favorable to the nonmovant, but it disregards unsupported and conclusory allegations. McGrath v. Tavares, 757 F.3d 20, 25 (1st Cir. 2014).

When parties file cross-motions for summary judgment, a court must "consider each motion separately, drawing all inferences in favor of each non-moving party in turn." AJC Int'l, Inc. v. Triple-S Propiedad, 790 F.3d 1, 3 (1st Cir. 2015) (quoting D & H Therapy Assocs., LLC v. Bos. Mut. Life Ins. Co., 640 F.3d 27, 34 (1st Cir. 2011)). "Cross-motions for summary judgment do not alter the summary judgment standard, but instead simply 'require [the Court] to determine whether either of the parties deserves judgment as a matter of law on the facts that are not disputed.'" Wells Real Estate Inv. Tr. II, Inc. v. Chardón/Hato Rey P'ship, 615 F.3d 45, 51 (1st Cir. 2010) (quoting Adria Int'l Grp., Inc. v. Ferré Dev., Inc., 241 F.3d 103, 107 (1st Cir. 2001)).

### B.   Applicable Law

The Court applies Puerto Rico labor law to this diversity suit. See Quality Cleaning Prod. R.C., Inc. v. SCA Tissue N. Am.,

LLC, 794 F.3d 200, 204 (1st Cir. 2015) ("Federal courts sitting in diversity apply the substantive law of the state and, pursuant to statute, Puerto Rico is treated as a state for diversity purposes."). Law 80 provides a statutory remedy for the wrongful discharge of employees with indeterminate terms. P.R. Laws Ann. tit. 29, § 185; see Alvarado-Rivera v. Oriental Bank & Tr., 914 F. Supp. 2d 198, 202 (D.P.R. 2012) (García-Gregory, J.) (citing Hoyos v. Telecorp Commc'ns., Inc., 488 F.3d 1, 6 (1st Cir. 2007)). Law 80 offers relief to "[e]very employee in commerce, industry, or any other business or work place . . . in which he/she works for compensation of any kind, contracted without a fixed term, who is discharged from his/her employment without just cause." P.R. Laws Ann. tit. 29, § 185(a).[5]

## C. Walden's Motion for Summary Judgment

Walden moves for summary judgment claiming that López and Domena "never became Walden's employees" and thus are not entitled to remedies pursuant to Law 80. (Docket No. 36 at p. 2.) Walden contends that Law 80 protections apply exclusively to employer-employee relationships, with the exception of the safeguards provided in Article 6 of Law 80 ("Article 6"), which involve the transfer of an acquired business. See id. at pp. 5-

---

[5] Law 80 defines "just cause" and "discharge" in Articles 2 and 5, respectively. See P.R. Laws Ann. tit. 29, § 185(b), (e).

6. Walden asserts that, because this case does not involve a business acquisition and Walden had no employment relationship with López or Domena, "Law 80 is inapposite." (Docket No. 47 at p. 2; see id. at pp. 7-10.) The Court agrees.

Walden never served as López's or Domena's employer and therefore, Law 80 is inapplicable to their claims. See P.R. Laws Ann. tit. 29, § 185(a)-(n); Hoyos, 488 F.3d at 6. Pursuant to Law 80, an "employer" is

> any natural or juridical person that employs or allows any employee to work for compensation. This term does not include the Government of Puerto Rico and each one of the three branches thereof, its departments, agencies, instrumentalities, pubic corporations, and municipal governments as well as municipal instrumentalities or corporations. It does not include the Government of the United States of America either.

Id. at § 185(n)(g).[6] Law 80 defines "employee" as

> any person who works for an employer and receives compensation for his services. The term does not include independent contractors, government employees, employees covered under a collective bargaining agreement in effect, or employees who work under a temporary employment contract for a fixed term or project.

Id. at § 185(n)(e).[7] López and Domena were never employees of Walden. See Docket No. 37, Ex. 1 at p. 4. Indeed, López and

---

[6] Law 80 provides definitions in Article 14. Laws Ann. tit. 29, § 185(n). The official translation of Article 14, however, is only available as a slip law. P.R. Act No. 4 (2017), http://www.oslpr.org/v2/LeyesPopUpEn.aspx?yr=2017. The Court refers to the official translation as provided by the slip law. See id.

[7] See supra note 6.

Domena do not dispute this fact.  (Docket No. 39, Ex. 1 at p. 14.)

Accordingly, Law 80 cannot offer relief to López and Domena.

        López and Domena's argument that Walden should be

considered a "successor employer" pursuant to Article 6 is

unavailing.  (Docket No. 41 at p. 14.)  Article 6 states, in

relevant part:

> In the case of transfer of a going business, if . . . .
> the *new acquirer* chooses not to continue with the
> services of all or any employees and hence does not
> become their employer, the former employer shall be
> liable for the compensation provided herein, and the
> *purchaser* shall retain the corresponding amount from the
> *selling price* stipulated with respect to the business.
> In case he discharges them without good cause after the
> transfer, the new owner shall be liable for any benefit
> which may accrue under §§ 185a [through] 185m of this
> title to the employee laid off.

P.R. Laws Ann. tit. 29, § 185(f) (emphasis added).  In the context

of Article 6, "successorship describes a situation where one entity

has succeeded another in the *ownership of a business*."  Rodríguez

v. Exec. Airlines, Inc., 180 F. Supp. 3d 129, 134-35 (D.P.R. 2016)

(Delgado-Hernández, J.) (emphasis added).  Here, it is undisputed

that a business was not transferred between Akal and Walden.  See

Docket No. 37, Ex. 1 at p. 2.  Rather, the USMS awarded a contract

to Walden after choosing not to renew or extend Akal's contract.

Id.  Walden is therefore not a "successor" pursuant to Article 6.

See Alvarado-Rivera, 914 F. Supp. 2d at 204 ("In determining

whether a company is a successor, one must focus on whether the

new company 'acquired substantial assets of its predecessor and continued, without interruption of substantial change, the predecessor's business operations.'").[8]  Accordingly, the Court **GRANTS** Walden's motion for summary judgment (Docket No. 36).

## IV.  Conclusion

For the reasons set forth above, Walden's motion for summary judgment is **GRANTED** (Docket No. 36) and López and Domena's action is **DISMISSED WITH PREJUDICE**.  Judgment shall be entered accordingly.  Consequently, López and Domena's motion for summary judgment (Docket No. 41) is moot.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 14, 2018.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE

---

[8] López and Domena assert arguments pertaining to Executive Order 13495 on the "Nondisplacement of Qualified Workers Under Service Contracts." (Docket No. 41 at pp. 10-11.)  The Court need not address these arguments because López and Domena only claim relief pursuant to Law 80.  See Docket No. 1.